UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEY TRONIC CORPORATION, a Washington Corporation,

    Plaintiff,

v.

TPG IPB, INC., a foreign corporation, and ATSI HOLDINGS, INC., a foreign corporation,

    Defendants.

NO. CV-10-195-RHW

**ORDER GRANTING DEFENDANTS' MOTION FOR VOLUNTARY DISMISSAL**

Before the Court is Defendants' Motion for Voluntary Dismissal of Count III of Counterclaim against Craig D. Gates (Ct. Rec. 53), heard without oral argument. Defendants seek an order pursuant to Fed. R. Civ. P. 41(a)(2) to dismiss Count III of its counterclaim against Craig D. Gates without prejudice. Plaintiffs have objected to voluntary dismissal and request that the Court: (a) deny the motion outright; (b) dismiss the counterclaims against Craig D. Gates with prejudice; or (c) dismiss those claims without prejudice, but establish a condition requiring that if those claims are litigated, that they be litigated before this Court with any other claims brought by TPG/ATSI against Key Tronic.

Fed. R. Civ. P. 41(a)(2) governs voluntary dismissal where the Defendant has filed an answer and counterclaims. Rule 41(a)(2) specifically provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**ORDER GRANTING DEFENDANTS' MOTION FOR VOLUNTARY DISMISSAL** * 1

FRCP 41(a)(2).  In the Ninth Circuit, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).  "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument.  Uncertainty because a dispute remains unsolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  Moreover, "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Smith*, 263 F.3d at 976.  A district court's determination concerning voluntary dismissal is reviewed for abuse of discretion. *Id.* at 975.

The Eighth Circuit has employed a form of balancing test in order to fairly address the equities and circumstances of the parties involved.  In *Paulucci v. City of Duluth*, the Eighth Circuit held that a district court did not abuse its discretion in denying a motion for voluntary dismissal based on several equitable factors, including expenses, lack of diligence on the part of the moving party, insufficient explanation of the need for dismissal, and the posture of the case. 826 F.2d 780, 783 (8th Cir. 1987).  In the *Westlands* case, the Ninth Circuit expressly declined to follow the *Paulucci* decision, declaring that the Ninth Circuit cases which analyzed legal prejudice "focus on the rights and defenses available to a defendant in future litigation."  100 F.3d at 97.  *Westlands* stated legal prejudice involved issues such as the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense. *Id.*

Furthermore, in *Re Sources of Sustainable Development v. Building Industry Ass'n of Washington*, the court did not find legal prejudice despite the defendant's claim that such a result "leaves open the opportunity for further vexatious litigation and harassment." 2008 Wl 3287349, *1 (W.D. Wash. 2008).  That court held that

**ORDER GRANTING DEFENDANTS' MOTION FOR VOLUNTARY DISMISSAL** * 2

assuming that was the case, it did not rise to the level of legal prejudice under *Westlands*. *Id.* (citing *Westlands*, 100 F.3d at 96-97).

Although the Court remains sympathetic to Plaintiff's efforts to save costs and litigate the claims, based on the same facts and circumstances, contracts, and parties involved, on the merits, it lacks the authority to do so. Plaintiff Key Tronic has not shown plain legal prejudice, and therefore the Court finds that it would abuse its discretion to deny the motion. Plaintiff cites to the cost of litigation in two forums concerning the same set of facts. However, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97 (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 146 (9th Cir. 1982)).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Voluntary Dismissal of Count III of Counterclaims against Craig D. Gates (Ct. Rec. 53) is **GRANTED.**

2. Count III of Defendant TPG's Counterclaim against Craig D. Gates is **dismissed without prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 21st day of December, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Court

Q:\CIVIL\2010\Key Tronic\dismiss.ord.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR VOLUNTARY DISMISSAL** \* 3